UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DYAN BLOE,                                          Case No. 09-12945

              Plaintiff,                            Marianne O. Battani
v.                                                 United States District Judge

COMMISSIONER OF                                    Michael Hluchaniuk
SOCIAL SECURITY,                                   United States Magistrate Judge

              Defendant.
_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 12)

## I.    PROCEDURAL HISTORY

### A.    Proceedings in this Court

On July 24, 2009, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Marianne O.

Battani referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for a period of disability,

disability insurance and supplemental security Income benefits. (Dkt. 2). This

matter is before the Court on cross-motions for summary judgment. (Dkt. 9, 12).

### B.    Administrative Proceedings

Plaintiff filed an application for supplemental security income on November

30, 2008 and filed an application for a period of disability and disability insurance benefits claims on December 2, 2004, alleging that she became unable to work on June 1, 2002.  (Dkt. 6, Tr. at 56).  The claim was initially disapproved by the Commissioner on May 18, 2005.  (Dkt. 6, Tr. at 30-36).  Plaintiff requested a hearing and on January 19, 2007, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Melvyn Kalt, who considered the case *de novo*. In a decision dated June 12, 2007, the ALJ found that plaintiff was not disabled. (Dkt. 6, Tr. at 13-22).  Plaintiff requested a review of this decision on June 22, 2007.  (Dkt. 6, Tr. at 11-12).  The ALJ's decision became the final decision of the Commissioner on May 20, 2009, when the Appeals Council denied plaintiff's request for review.  (Dkt. 6, Tr. at 5-7); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.     FACTUAL BACKGROUND

### A.     ALJ Findings

Plaintiff was thirty-six years of age at the time of the most recent administrative hearing.  (Dkt. 6, Tr. at 16).  Plaintiff's relevant work history

included approximately four years as a shipping clerk, retail sales clerk, office

manager, and as a general laborer.  (Dkt. 6, Tr. at 76).  In denying plaintiff's

claims, defendant Commissioner considered an affective disorder and an anxiety

related disorder as possible bases of disability.   (Dkt. 6, Tr. 16).

The ALJ applied the five-step disability analysis to plaintiff's claim and

found at step one that plaintiff had not engaged in substantial gainful activity since

2001.  (Dkt. 6, Tr. at 21).  At step two, the ALJ found that plaintiff's major

depression and anxiety, a history of alcohol and drug abuse were "severe" within

the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no

evidence that plaintiff's combination of impairments met or equaled one of the

listings in the regulations.  *Id*.  At step four, the ALJ found that plaintiff could

perform her previous work as an office manager/counseling assistant.  *Id*.  At step

five, the ALJ denied plaintiff benefits because plaintiff could perform a significant

number of jobs available in the national economy.  *Id*.

B.      Plaintiff's Claims of Error

According to plaintiff, the decision of the ALJ is not supported by

substantial evidence.  The ALJ concluded that plaintiff retained the residual

functional capacity to return to her past relevant work.  In making this decision, he

concluded that the "claimant's allegations are not wholly credible because they are

not supported by objective medical evidence."  According to plaintiff, to reach this

conclusion, plaintiff disregarded plaintiff's diagnosis of major depression and panic disorder.  Both of these diagnoses have been confirmed on numerous occasions since 2002.  The latest consultative examination, which was performed in March 2007, confirmed that plaintiff continued to suffer with post-traumatic stress disorder, major depression, panic disorder and bulimia nervosa.  At that time, the clinician commented that plaintiff had difficulty concentrating and remembering routine information.  (Tr. 352).

C.      Commissioner's Cross-Motion for Summary Judgment

The Commissioner urges the Court to reject plaintiff's argument that the ALJ "disregarded [her] diagnosis (sic) of Major Depression and Panic Disorder." According to the Commissioner, the ALJ found her severe recurrent major depression to be a severe impairment and, while he did not specifically find panic disorder to be a severe impairment, he did find anxiety to be a severe impairment, noting reports of her panic attacks in the context Dr. Wells' panic disorder diagnosis.  (Tr.20-21, citing, Tr. 351).  According to the Commissioner, there seems to be little if any consequence (and plaintiff identifies none) resulting from the ALJ's purported failure to specifically find the panic disorder diagnosis, rather than the anxiety disorder diagnosis, to be a severe impairment, given that Dr. Herringshaw, on whose opinion the ALJ relied, diagnosed panic disorder, but opined only that plaintiff was mildly limited in her ability to understand,

remember, and carry out complex instructions; was mildly limited in her ability to make judgments on complex work-related issues; and was otherwise unlimited in her abilities.  (Tr. 359-61).  Thus, according to the Commissioner, although Dr. Herringshaw diagnosed panic disorder, she apparently felt that this condition (along with the others she diagnosed) had little actual impact on plaintiff's work place abilities.

According to the Commissioner, the ALJ adequately explained that he found her "allegations of disabling symptoms of depression and anxiety ... not wholly credible because they are not supported by the objective clinical evidence or the claimant's reported activities of daily living."  (Tr. 20).  Specifically, the ALJ noted that plaintiff was able to take care of her personal needs, care for her teenage son, manage her household, do bi-weekly shopping, and get along with family and friends.  (Tr. 20).  The ALJ also explained that although plaintiff was referred to Alcoholics Anonymous and outpatient psychotherapy, she never went to AA and attended only a few psychotherapy treatments.  (Tr. 20); 20 C.F.R. § 1529(c)(3)(v) (addressing various factors to consider, including treatment one has received, in assessing credibility).  Thus, the Commissioner asserts that the ALJ reasonably assessed plaintiff's credibility and relied on more than simply a lack of objective evidence for his findings.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.")
(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,
198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits."
*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);
*accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).
There are several benefits programs under the Act, including the Disability
Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the
Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381
*et seq.*).  Title II benefits are available to qualifying wage earners who become
disabled prior to the expiration of their insured status; Title XVI benefits are
available to poverty stricken adults and children who become disabled.  F. Bloch,
Federal Disability Law and Practice § 1.1 (1984).  While the two programs have
different eligibility requirements, "DIB and SSI are available only for those who
have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Analysis</u>

As to an allegedly disabling mental impairment, the Commissioner has promulgated a special technique to ensure that all evidence needed for the

Report and Recommendation
Cross-Motions for Summary Judgment
*Bloe v. Comm'r*; 09-12945

evaluation of such a claim is obtained and evaluated.  This technique was designed

to work in conjunction with the sequential evaluation process set out for the

evaluation of physical impairments.  20 C.F.R. §§ 404.1520a, 416.920a.  Congress

laid the foundation for making disability determinations when mental impairments

are involved in 42 U.S.C. § 421(h), which provides:

> An initial determination under subsection (a), (c), (g), or
> (i) of this section that an individual is not under a
> disability, in any case where there is evidence which
> indicates the existence of a mental impairment, shall be
> made only if the Commissioner has made every
> reasonable effort to ensure that a qualified psychiatrist or
> psychologist has completed the medical portion of the
> case review and any applicable residual functional
> capacity assessment.

Section 404.1520a explains in detail the special procedure and requires the

completion of "a standard document outlining the steps of this procedure."  20

C.F.R. § 404. 1520a(d).  The regulation further requires the standard document to

be completed and signed by a medical consultant at the initial and reconsideration

levels, but provides other options at the administrative law judge hearing level.  *Id*.

Under this procedure, the Commissioner must first make clinical findings, as to

whether the claimant has a medically determinable mental disorder specified in one

of eight diagnostic categories defined in the regulations.  *Merkel v. Comm'r of

Social Security*, 2008 WL 2951276, *10 (E.D. Mich. 2008), citing, 20 C.F.R. Pt.

404. Subpt. P, App. 1, § 12.00A.

The Commissioner must then measure the severity of any mental disorder; that is, its impact on the applicant's ability to work. "This is assessed in terms of a prescribed list of functional restrictions associated with mental disorders." *Merkel*, at *10, citing, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00C. The first area of functional restriction is "activities of daily living." This area requires the Commissioner to determine the claimant's ability to clean, shop, cook, take public transportation, maintain a residence and pay bills. *Merkel*, at *10. Under the second functional area, "social functioning," the Commissioner must determine whether the claimant can interact appropriately and communicate effectively and clearly with others. *Id.* The third functional area, "concentration, persistence, or pace," refers to the claimant's ability to sustain focused attention sufficiently long to permit the timely completion of tasks found in work settings. *Id.* The final functional area, that of "deterioration or decompensation in work or work-like settings," refers to the claimant's ability to tolerate increased mental demands associated with competitive work. *Id.*

The degree of limitation in the first three functional areas (activities of daily living; social functioning; and concentration, persistence, or pace) is rated using a five-point scale: none, mild, moderate, marked, and extreme. *Pauley v. Comm'r of Social Security*, 2008 WL 2943341, *9 (S.D. Ohio 2008). The degree of limitation in the fourth functional area (episodes of decompensation) is rated using a

four-point scale: none, one or two, three, four or more. *Id*. "The last point on each

scale represents a degree of limitation that is incompatible with the ability to do

any gainful activity." *Pauley*, at *9, citing, 20 C.F.R. § 404. 1520a(c)(4). Ratings

above "none" and "mild" in the first three functional areas and "none" in the fourth

functional area are considered severe. *Pauley*, at *9, citing, 20 C.F.R.

§ 404.1520a(d)(1).  If the first two functional areas receive ratings of "none" or

"slight," the third a rating of "never" or "seldom," and the fourth a rating of

"never," the Commissioner will conclude that the mental impairment is not severe,

and that it cannot serve as the basis for a finding of disability. *Merkel*, at *10,

citing, 20 C.F.R. §§ 404.1520a(c)(1), 404.1521.

   If the functional areas indicate that the mental impairment is "severe," the

Commissioner must decide whether it meets or equals a listed mental disorder.

*Merkel*, at *10, citing, 20 C.F.R. § 404.1520a(c)(2).  The Commissioner will

determine that the claimant is disabled if the mental impairment is a listed mental

disorder and at least two of the criteria have been met. *Merkel*, at *10, citing, 20

C.F.R. Pt. 404, Subpt. P, App. 1, § 12.02, *et. seq*.  If the severe mental impairment

does not meet a listed mental disorder, the Commissioner must perform a residual

functional capacity assessment to determine whether the claimant can perform

some jobs notwithstanding his mental impairment. *Merkel*, at *10, citing, 20

C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

Report and Recommendation
Cross-Motions for Summary Judgment
*Bloe v. Comm'r*; 09-12945

On November 21,2006, plaintiff's treating internist (Marvin L. Wells, D.O.) reported that she suffers from a major anxiety disorder with panic attacks and related symptoms of irritable bowel syndrome.  Dr. Wells opined that the claimant is unable to hold any job due to her ongoing symptoms.  The ALJ concluded that Dr. Wells' opinion was not consistent with the medical and other evidence in the record and declined to give it controlling weight.  The ALJ acknowledged plaintiff's long history of depression and anxiety, which was further complicated by ongoing alcohol and drug abuse.  The evidence showed one psychiatric admission for a self-inflicted stab wound to her right arm after a six month period of drinking and using drugs including cannabis and cocaine.  Plaintiff's symptoms stabilized during her short hospitalization and, although referred to Alcoholics Anonymous and outpatient psychotherapy, she did not undergo alcohol rehabilitation and stopped psychotherapy after a few treatments.  Despite her ongoing symptoms, the plaintiff reported that she was able to take care of her personal needs, care for her teenage son and manage her own household. She reported that she gets along well with family members and friends and is able to do bi-weekly shopping.  The ALJ concluded that there was no indication that plaintiff was withdrawn from social contact or had difficulty dealing with others. Thus, the ALJ concluded that Dr. Wells' opinion was not supported by other objective clinical evidence in the file and was inconsistent with plaintiff's reported activities

of daily living.  While Dr. Wells treated plaintiff extensively for her bowel-related complaints, his treatment records do not reflect any significant treatment of her mental health issues and his opinion is a conclusory hand-written note stated that "I feel mentally she is unable to hold a job for meaningful employment."  (Tr. 351).  Dr. Wells did not indicate any type of functional limitation.  Under these circumstances, the undersigned concludes that the ALJ properly gave little weight to Dr. Wells' opinion.

Plaintiff argues that the ALJ failed to properly assess her credibility and the Commissioner asserts that the ALJ's assessment is supported by substantial evidence.  The ALJ's credibility finding is entitled to deference and should not be disregarded given the ALJ's opportunity to observe the plaintiff's demeanor.  However, if the ALJ rejects the testimony of the plaintiff as not being credible, the ALJ must clearly state the reasons for that conclusion.  *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).  The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002).  "A claimant's severe impairment may or may not affect his or her functional capacity to do work.  One does not necessarily establish the other."  *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich.

2004).  "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed.Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e).  Not all impairments deemed "severe" in step two must be included in the hypothetical. *Griffeth*, 217 Fed.Appx. at 429.  "The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts." *Redfield v. Comm'r of Soc. Sec.*, 366 F.Supp.2d 489, 497 (E.D. Mich. 2005).  The ALJ  is only required to incorporate the limitations that he finds credible.  *Casey*, 987 F.2d at 1235.  This obligation to assess credibility extends to the claimant's subjective complaints such that the ALJ "can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones*, 336 F.3d at 476.  When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses.  *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility."); *Krupa v. Comm'r of Soc. Sec.*, 1999 WL 98645, *3 (6th Cir. 1999).  An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility.  *Walters v.*

*Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

SSR 96-7p provides guidance on the factors to be considered when

evaluating credibility:

> Assessment of the credibility of an individual's
> statements about pain or other symptoms and about the
> effect the symptoms have on his or her ability to function
> must be based on a consideration of all of the evidence in
> the case record. This includes, but is not limited to:
>
> * The medical signs and laboratory findings;
>
> * Diagnosis, prognosis, and other medical opinions
> provided by treating or examining physicians or
> psychologists and other medical sources; and
>
> * Statements and reports from the individual and from
> treating or examining physicians or psychologists and
> other persons about the individual's medical history,
> treatment and response, prior work record and efforts to
> work, daily activities, and other information concerning
> the individual's symptoms and how the symptoms affect
> the individual's ability to work.

The adjudicator must then evaluate all of this information and draw appropriate

inferences and conclusions about the credibility of the individual's statements. *Id.*

The ALJ's findings regarding plaintiff's credibility are similar to the reasons for

rejecting Dr. Wells' conclusory opinion: plaintiff's claimed limitations are not as

severe as she suggests based on the medical evidence in the record and her own

testimony regarding her activities, as described above. In addition, plaintiff's

treatment for her mental impairment was quite sporadic. The failure to seek

treatment for a period of time may be a factor to be considered against a claimant, *Hale v. Sec'y of Health and Hum. Serv.*, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy her condition, *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990). Plaintiff did not suggest that she was unable to seek treatment. Rather, she indicated that she simply did not like the first psychiatrist that she saw. She did not follow through with much of the recommended mental health treatment and does not offer any reason she did not or could not do so. Like the ALJ, the undersigned does not suggest that plaintiff is unimpaired. However, plaintiff offers no basis for the undersigned to overturn the ALJ's credibility findings, which are supported by substantial record evidence.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
|  | s/Michael Hluchaniuk |
| Date: March 4, 2011 | Michael Hluchaniuk |
|  | United States Magistrate Judge |

Report and Recommendation
Cross-Motions for Summary Judgment
*Bloe v. Comm'r*; 09-12945

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 4, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Barry F. Keller, Kenneth L. Shaitelman, and the Commissioner of Social Security</u>.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov
